**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 26-454** |
| **EDUARDO GALLARDO MALDONADO** | : | |

**<u>GOVERNMENT'S CHANGE OF PLEA MEMORANDUM</u>**

The United States of America, by its attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, and Robert J. Livermore, Assistant United States Attorney, for the district, hereby submits this Change of Plea Memorandum to aid the Court in advance of the October 28, 2026, change of plea hearing.

## I. INTRODUCTION

The single-count information in this case alleges that defendant Eduardo Gallardo Maldonado illegally voted in the 2024 federal general election on November 5, 2024. With the advice of his attorney, Maldonado has agreed to waive indictment and plead guilty via a written plea agreement to a violation of Title 18, United States Code, Section 611, which is a misdemeanor offense. The plea agreement is attached as Exhibit A. In addition, both parties consent to proceed before U.S. Magistrate Judge Elizabeth L. Toplin.

## II. FACTUAL BASIS FOR THE PLEA

The facts of this case are quite simple. The defendant, Eduardo Gallardo Maldonado, is a citizen of Mexico and a lawful resident of the United States. He lawfully moved to Philadelphia with his wife in 2022 to live near his son and to provide caregiving to his grandson.

According to voting records obtained from the Pennsylvania Department of State and Philadelphia County, Maldonado registered to vote electronically on September 6, 2024, through

a voter registration drive. On October 16, 2024, he completed and signed an application for a Pennsylvania mail-in ballot. On the form, Maldonado listed his correct date of birth, phone number, Pennsylvania driver's license number, and home address. On November 5, 2024, Maldonado illegally voted in the general election via a mail-in ballot. As a lawful resident of the United States, but a citizen of Mexico, Maldonado was not eligible to vote in any federal election.

On March 3, 2026, Maldonado spoke to FBI agents at his home to provide context to his actions. Maldonado recalled that before the election in 2024, two women walked around his neighborhood handing out campaign flyers. They offered to use his driver's license to verify that he was registered to vote. Maldonado explained that around the same time, he visited Philadelphia City Hall to obtain an identification card for senior citizens. While there, the city employee assisting him handed him some forms to sign, which included some voter forms. Maldonado signed the forms as instructed and noted that his understanding of English was limited. Maldonado stated that no one asked him if he was a U.S. citizen or provide proof of his U.S. citizenship. Maldonado verified his signature on the registration and mail-in ballot forms.

## III. ELEMENTS OF THE OFFENSE

### A. Count One 18 U.S.C. § 611 – Voting by an Alien

Under both federal and state law, only U.S. citizens are allowed to vote in Pennsylvania. *See* 18 U.S.C. § 611; Pennsylvania Constitution, Article VII, Section 1. Lawful residents, such as the defendant, are not permitted to vote. In fact, it is a criminal offense for non-citizens to vote. *See* 18 U.S.C. § 611.

In order to convict a person of the offense of voting by an alien, in violation 18 U.S.C. § 611, the government must prove the following elements beyond a reasonable doubt:

(1) That there was an election held solely or in part for the purpose of electing a candidate for the office of President, Vice President, or Presidential elector;

(2) That the defendant voted in the election; and

(3) That the defendant is an alien (not a U.S. citizen).

18 U.S.C. § 611(a). This is a general intent offense (and a misdemeanor). Under the law, the defendant must know that he is not a citizen, and he must know that the act he performed was an act of voting. He need not know that voting by a non-citizen is illegal. *See Kimani v. Holder*, 695 F.3d 666, 669 (7th Cir. 2012); *United States v. Knight*, 490 F.3d 1268 (11th Cir. 2007).

**IV. STATUTORY MAXIMUM SENTENCE**

The defendant understands, agrees, and has had explained to him by counsel that the following statutory maximum sentence applies in this case: one year of imprisonment, one year of supervised release, a $100,000 fine, and a $25 special assessment.

The defendant, who is not a citizen of the United States, understands that his guilty plea in this case may result in him being subject to immigration proceedings, and may result in him being removed from and possibly prevented from ever returning to the United States. The defendant has discussed with his attorney the immigration consequences of his guilty plea. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences of his plea.

## V. CONCLUSION

With the advice and consent of his attorney, defendant Eduardo Gallardo Maldonado has negotiated a guilty plea agreement. His decision to plead guilty appears to be a voluntary, knowing and intelligent one, and the factual basis for the plea is more than ample. The Court should accept his guilty plea.

Respectfully submitted,

DAVID METCALF
United States Attorney

*/s/ Robert J. Livermore*
ROBERT J. LIVERMORE
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Government's Change of Plea Memorandum has been served by electronic mail on the following defense counsel:

Jonathan McDonald, Esquire

*/s/ Robert J. Livermore*
ROBERT J. LIVERMORE
Assistant United States Attorney

DATED: September 25, 2026